DECISION
This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Warren County Court of Common Pleas, and upon the briefs, oral argument having been waived.
Counsel for defendant-appellant, Willie Ledford, has filed a brief and supplemental brief with this court pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists two potential errors "that might arguably support the appeal," Anders, supra, at 744; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.
Appellant has filed a pro se brief raising numerous assignments of error and containing a substantial number of documentary attachments such as excerpts from transcripts of proceedings, recorded statements, and exhibits. We also note that this appeal is from the sentence imposed upon appellant following this court's decision to vacate appellant's sentence and remand the matter for the limited purpose of allowing appellant allocution prior to the imposition of sentence. See State v. Ledford (Nov. 25, 1996), Warren App. No. CA95-09-089, unreported, discretionary appeal denied (1997), 78 Ohio St.3d 1463.
In that case, this court did not reverse the finding of guilt but only remanded the matter for the limited purpose of resentencing. Id. at 18. We have reviewed appellant's pro se brief and find that none of the assignments of error raised therein pertain to the issue of allocution or resentencing. To the contrary, all of appellant's assignments of error were either ruled upon in his previous appeal or are beyond the limited scope of the mandate issued by this court when it reversed appellant's sentence and remanded the matter for resentencing.
We have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court. Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is hereby dismissed for the reason that it is wholly frivolous.
YOUNG, P.J., KOEHLER and POWELL, JJ., concur.